Kakee Kaleem ABDULLAH a/k/a Robert Earl WHITE
*v*. STATE of Arkansas

CR 83-105                                                663 S.W.2d 166

Supreme Court of Arkansas
Opinion delivered January 23, 1984

*B. W. Sanders,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for appellee.

STEELE HAYS, Justice. On November 1, 1982, the State filed seven felony informations against the appellant, charging him with burglary and theft of property. On the same day appellant signed a Statement in Advance of Plea of Guilty, and later appeared before the Clark Circuit Court to enter guilty pleas. A hearing was held and guilty pleas in all seven cases were accepted by the Court. A sentencing hearing was held on November 8, and appellant was sentenced to consecutive sentences of five years on each charge. Appellant sought post-conviction relief under A.R.Cr.P. Rule 37, alleging that his pleas had not been knowingly and

voluntarily made. The Court denied relief and appellant brings this appeal. We find no error.

Appellant first argues that he was under the influence of hallucinogenic drugs at the time he signed the Statement in Advance of Plea of Guilty. However, his testimony was disputed by police officers who testified that appellant was coherent and gave no indication of being under the influence of alcohol or drugs, that no tests were administered because there was no indication of any drug or alcohol induced behavior. It is for the trial court to weigh the evidence and resolve the credibility of the witnesses. *Hunes v. State*, 274 Ark. 268, 623 S.W.2d 835 (1981). Appellant makes no argument that he was not of a clear mind when he later appeared in court for the hearing. At the hearing, the trial judge made the necessary inquiries before accepting a guilty plea under A.R.Cr.P. Rule 24.4 (Advice by Court), A.R.Cr.P. Rule 24.5 (Determining Voluntariness of Plea) and A.R.Cr.P. Rule 24.6 (Determining Accuracy of Plea). See *Reed* v. *State*, 276 Ark. 318, 635 S.W.2d 472 (1982). It is clear from the record that all of the responses appellant gave to questions by the Court were consistent with his understanding of the proceedings and the effect of guilty pleas.

Appellant next contends he was under the impression that a plea bargain of twenty-five years had been agreed on, yet he received a sentence of thirty-five years. He explains his understanding in this manner: the Statement in Advance of Plea of Guilty read: "I am twenty-five years old," and he took that to be a reference to a twenty-five year plea bargain. But the trial court properly rejected that implausible argument. Appellant has an eighth grade education and can read and write. The record shows that appellant heard the prosecutor recommend a sentence of five years consecutive on each charge and, additionally, the trial judge further explained to the appellant that he was not bound by recommendations in imposing the sentences.

In *Marshall* v. *State*, 262 Ark. 726, 561 S.W.2d 76 (1978), we stated, citing Rule 25.3, that if the parties have not sought the concurrence of the trial judge in a plea agreement he shall advise the defendant in open court in reference to any agreement that 1) the agreement is not binding on the court

and 2) if the defendant pleads guilty or nolo contendere, the disposition may be different from that contemplated by the agreement. The following excerpt from the November 1st hearing makes it clear that the Court complied with Rule 25.3:

> COURT: Have any promises or any threats been made to you to get you to enter a plea of guilty?
>
> DEF.: No, sir.
>
> COURT: Mr. Abdullah, is your plea — should you enter a plea of guilty, is it based upon a known recommendation from the prosecuting attorney's office?
>
> DEF.: Yes, sir.
>
> COURT: As a recommendation, Mr. Abdullah, do you understand that I'm not bound by it?
>
> DEF.: Yes. Yes, sir.
>
> COURT: The final responsibility of sentencing is mine.
>
> DEF.: That's right, sir, yes, sir.
>
> COURT: Do you know of any reason why I should not require a plea from you today?
>
> DEF.: Well, I — I — I just did it and I know it was wrong. I just want to go on and get it over with. It's been riding my head for the last several weeks and I just — I just can't handle it. It's too heavy.

The record does not substantiate appellant's claim that his plea was not knowingly and voluntarily given.

Appellant's assertion that because he was not represented by counsel his guilty pleas should be vacated was not raised at the Rule 37 hearing and will not be considered

when it is raised for the first time on appeal. *Wiser* v. *State*, 256 Ark. 921, 511 S.W.2d 178 (1974).

Affirmed.