## John A. SPICER *v.* CITY OF FAYETTEVILLE

CR 84-144                            681 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*Darrell E. Baker, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Randel Miller,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted under the "Omnibus DWI Act" [Ark. Stat. Ann. §§ 75-1031.1; 75-1045; 75-2501 through 75-2514 (Supp. 1983)]. On appeal he challenges the Act and the evidence in this case. The four points argued on appeal are: (1) the Act violates the separation of powers doctrine; (2) the Act violates due process by failure to give notice of proscribed conduct; (3) the evidence

was insufficient; and (4) the court erred in allowing the breathalyzer test results to be introduced. We do not reach the separation of powers argument and the other three points have been recently decided adversely to the appellant.

On May 7, 1983, the appellant was stopped by a city officer because he was speeding. After the officer talked with the appellant he decided the appellant had been drinking. According to the officer the appellant failed two of the three field tests given. The officer testified that appellant was "moderately" intoxicated. Therefore, appellant was taken to the Fayetteville Police Department where he was given a breath test. The test sample was not preserved. The indicated blood alcohol content (BAC) was 0.21%. Prior to the breath test the appellant had been under the combined observation of officers for more than 30 minutes. He was informed he could take a different type test if he disagreed with the result of the one administered. The officer agreed to assist him in obtaining another test. No request for a different test was made.

We first take up the statement that Act 549 is violative of the separation of powers doctrine as established by the Constitutions of Arkansas and the United States. It is stated by the appellant that the various sections of this Act amount to legislative encroachment upon the functions of the judicial department. The briefs contain no convincing argument or citation of authorities on this issue. An issue of such vital importance should be developed at the trial court and fully briefed and argued before we write an opinion. Under the authority of *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977), we decline to decide the issue in this case.

Appellant next argues the statute is too vague to give notice of proscribed conduct. We recently decided this issue adversely to appellant. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984); *Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984). The reasons, definitions and authorities applied in *Lovell* and *Long* are equally applicable to the present case and will not be repeated here.

The evidence was sufficient to sustain the conviction in

the present case. The proof revealed appellant's BAC registered 0.21%. The officer first stopped him for speeding and thereafter notice he had symptons of being under the influence of alcohol or intoxicated. No one officer observed him for 30 minutes before the test was administered but collectively he was observed by the officers for at least 30 minutes. There was the usual testimony about appellant's being under the influence and no good purpose would be served by repeating it here.

The final argument is that the breathalyzer test was improperly admitted. Although the notice to appellant by the officers that he had the right to have a subsequent or different test was not as complete as it should have been, we do not find error in allowing the test result to be introduced. He was notified he could request a test of a different type but he made no such request. Arkansas Stat. Ann. § 75-1045 (c) (3) does not require the police to administer the test more than once but the testimony here was that it was department policy to give a second test if requested. The statute provides that the accused may have a physician, qualified technician, registered nurse or other qualified person of his own choice administer a complete chemical test or tests in addition to the one administered at the direction of the law enforcement officer. The officer is required to advise the accused of this right. Appellant was notified that he had the right to request a test of a different type. We do not believe the notice precluded the appellant from requesting another breathalyzer test and he could have done so but he did not. The statute requires the officers to assist an accused in obtaining other tests but it does not require them to initiate a request for additional tests. There was no showing that the test administered was defective. Therefore, the court did not err in allowing the test results to be admitted.

Affirmed.