Dennis Eugene WILLIFORD *v.* STATE of Arkansas

CR 84-204                                                683 S.W.2d 228

Supreme Court of Arkansas
Opinion delivered January 28, 1985
[Rehearing denied February 25, 1985.]

*Charles E. Hanks* and *Kenford O. Carter,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. In a non-jury trial Williford was convicted of DWI, fourth offense, and sentenced to a year's imprisonment, a $1,000 fine, and revocation of his driver's license for three years. His appeal, presenting six arguments for reversal, comes to this court under Rule 29 (1) (c). We affirm the judgment.

Two of the arguments, that the Omnibus DWI Act relieves the State of its burden of proof and is void for vagueness, were answered in *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984). A third, that the statute violates the

separation of governmental powers, was answered in *Sparrow* v. *State*, 284 Ark. 396, 683 S.W.2d 218 (1985).

Fourth, the arresting officer took Williford to the police station and administered a breathalyzer test, which showed a blood alcohol content of .20%. The statute provides that the person tested may request an additional test at his own cost. Ark. Stat. Ann. § 75-1045(a)(3) (Supp. 1983). It further provides that a law enforcement officer's refusal to assist the person in obtaining an additional test precludes proof of the test taken at the direction of a law enforcement officer. § 1045(c)(3).

It is argued that the officer must assist the person to the fullest possible extent in tapping his financial resources, including transportation necessary for him to raise cash and transportation to the test site. We do not read the statute as penalizing anything other than an officer's refusal to provide assistance that is reasonable at the time and place. This incident occurred at about 2:00 a.m. Williford signed a form informing him with regard to the officer's test: "If you disagree with the results of this test, you can request a test of a different type. I will assist you in obtaining another test of your choice given by a doctor or other qualified person. You must be willing to pay for the cost of any such additional test." At the bottom of the form Williford signed a statement requesting an additional test and agreeing to pay for it.

The arresting officer testified he told Williford that he would take Williford to the hospital for a test, for which the hospital required $50.31; but Williford had only $2.15. The officer also offered to allow Williford to use the telephone. There is no indication that Williford requested anything else. He did not testify at the trial. In view of the officer's testimony the trial judge was right in denying the defense motion to exclude proof of the test result.

Fifth, it is argued that the State failed to show that the breathalyzer test met the statutory condition for being considered valid if performed according to methods approved by the State Board of Health. The defect com-

plained of is the officer's failure to observe Williford for 20 minutes before the test. Reliance is placed upon a Department of Health check list containing this instruction: "Observe subject for minimum of 20 minutes — no oral intake of anything."

The arresting officer testified that for a period of 26 minutes he observed Williford at the scene of the arrest, in the patrol car's rear view mirror as Williford sat on the passenger side of the back seat while he was being taken to the police station, and at the station itself. He said that he would have been aware of Williford's having put anything in his mouth. The officer himself operated the testing device. We do not read the Health Department instruction as requiring that the officer stare fixedly at the arrested person for 20 minutes. The offficer's testimony made a prima facie showing of compliance with the regulation. There is no contradicting testimony. The result of the test was properly received in evidence.

Sixth, it is argued that the proof of one of Williford's three prior convictions for DWI does not show that he waived the right to counsel. The record consists of a photocopy of a municipal court docket sheet, which recites that Williford "waived right to atty." It is insisted that the judge's purported signature is not legible. Many persons' signatures are not legible, but that alone does not invalidate them. Here the clerk of the court certified that the photocopy of the docket sheet was an accurate record of the proceedings. No effort was made to show that the judge did not actually sign the docket sheet. The contention is without merit.

Affirmed.