Calvin Gene GIRDNER *v.*
STATE of Arkansas CITY OF KENSETT

CR 84-169                                              684 S.W.2d 808

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*F.W. Jeffcoat* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci L. Talbot,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. In a non-jury trial Girdner was convicted of DWI, second offense, and was sentenced to one year imprisonment, a $1,000 fine, and revocation of his drivers license for one year. His appeal comes before us under Rule 29(1)(c) as one of the series of cases in which we construe and interpret the Omnibus DWI Act of 1983, Ark. Stat. Ann. § 75-2501 — § 75-2514 (Supp. 1983) We affirm the judgment.

In his first argument for reversal Girdner contends that the breathalyzer test results should not have been admitted into evidence because the breath test administrator failed to observe him for twenty minutes. There was testimony that the arresting officer, together with the breath test administrator, observed the appellant for 20 minutes and that he did not ingest anything during the period. The result of the test was properly received in evidence. *Williford* v. *State,* 284 Ark. 449, 683 S.W.2d 228 (1985).

Girdner argues that the test result should be inadmissible because he asked for another blood test but was refused one. See Ark. Stat. Ann. §75-1045(c)(3) (Supp. 1983);

*Williford* v. *State, supra.* The two police officers disputed Girdner's testimony and denied that he asked for an additional test. Their testimony constituted substantial evidence from which the trial judge could have concluded that Girdner did not ask for a different test. It is for the trial court, not the appellate court, to weigh the evidence and resolve the credibility of the witnesses. *Abdullah* v. *State,* 281 Ark. 239, 663 S.W.2d 166 (1984).

Girdner next contends that the act is unconstitutional because it allows the police officer, rather than the prosecuting attorney or grand jury, to file the misdemeanor charge. There is no merit in the argument in this misdemeanor case. *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984); *reh'g. den.* 283 Ark. 434, 681 S.W.2d 395 (1984); *Sparrow* v. *State,* 284 Ark. 396, 683 S.W.2d 218 (1985); *Southern* v. *State,* 284 Ark. 572, 683 S.W.2d 933 (1985).

Girdner next argues that the act is unconstitutional because a machine, rather than a trier of fact, convicted him. Thus, he argues, without citation of authority, that he has lost his constitutional right to trial by a jury of his peers. The argument is without merit because appellant's basic premise that the machine convicted him is fallacious. Although Ark. Stat. Ann. § 75-2503(b) (Supp. 1983) provides that it is unlawful to operate a motor vehicle if there is a blood alcohol level of .10% as determined by a chemical test, the statute only defines the level of blood alcohol content at which a person is prohibited from driving. It is still up to the jury to determine whether the person was operating a motor vehicle and whether his blood alcohol content was in fact .10% or more. *Lovell* v. *State, supra.*

Affirmed.