Andrew HEGLER *v.* STATE of Arkansas

CR 84-185                                   691 S.W.2d 129

Supreme Court of Arkansas
Opinion delivered June 10, 1985
[Rehearing denied July 15, 1985.*]

---

* Purtle, J., would grant rehearing. George Rose Smith, J., not participating.

*Gibson Law Firm*, by: *John F. Gibson, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Velda P. West*, Asst. Att'y Gen., for appellee.

▉ ROBERT H. DUDLEY, Justice. The appellant was found guilty of a second violation of the Omnibus DWI Act of 1983. The judgment of the prior conviction does not reveal whether appellant was represented by counsel. Appellant contends that the trial court should not have admitted the judgment of prior conviction into evidence. He is correct. A prior conviction cannot be used collaterally to impose enhanced punishment unless the misdemeanant was represented by counsel or validly waived counsel, and waiver of counsel may not be presumed from a silent record. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984). Accordingly, we reverse and remand.

We also address the second point of appeal since it will arise again upon retrial. Appellant contends that the officer administering the breath test did not adequately warn him of his right to have a test in addition to the one administered by the police, and therefore, he argues the test result must be excluded from evidence. The argument is without merit and, upon retrial, the trial court should again allow the result of the test into evidence.

Ark. Stat. Ann. § 75-1045(c)(3) (Supp. 1983) provides:

> The person tested may have a physician, or a qualified technician, registered nurse, or other qualified person of

his own choice administer a complete chemical test or tests in addition to any test administered at the direction of the law enforcement officer. The law enforcement officer shall advise such person of this right. The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test or tests shall preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

The police advised appellant of his right to additional tests with the following written statement:

You will be administered a breath test to determine your blood alcohol content. If you take the test you may, at your expense, have a physician, registered nurse, lab technician, or other qualified person administer a blood or urine test. This department will assist you in obtaining such a test or tests.

■■ The appellant contends that the advice was fatally defective and the exclusionary rule must be invoked, because it states only that he may have an additional blood or urine test, but it does not mention an additional breath test. We do not find the argument persuasive. The police substantially complied with the requirements of the statute. Substantial compliance with Ark. Stat. Ann. § 75-1045(c)(3) (Supp. 1983) is all that is required for the result of the test to be admitted into evidence. *Spicer* v. *City of Fayetteville*, 284 Ark. 315, 681 S.W.2d 369 (1984); *Sparrow* v. *State*, 284 Ark. 396, 683 S.W.2d 218 (1985).

Reversed and remanded.

PURTLE and NEWBERN, JJ., concur in part, dissent in part.

JOHN I. PURTLE, Justice, concurring. I concur in the first point but dissent from the second one. The appellant was convicted of a second offense DWI over his objection that the breathalyzer test was improperly admitted. The warning and test conducted in this case do not strictly follow the law or even substantially comply with the rules and regulations relating to the subject matter herein.

Appellant, who was suspected of DWI, was taken to the

police station for a breathalyzer test. He was given the following warning: "You will be administered a breath test to determine your blood alcohol content. If you take the test you may, at your expense, have a physician, registered nurse, lab technician, or other qualified person administer a blood or urine test. This department will assist you in obtaining such a test or tests."

He appealed from his municipal court conviction of second offense DWI to the circuit court where he was found guilty by a jury. The breath test result was admitted over appellant's objection that he was not given a proper warning.

The warning is set out verbatim above. The warning did not inform the appellant he had the right to take another breath test. Arkansas Stat. Ann. § 75-1045 (Supp. 1983) describes the conditions and procedures for administering the chemical tests for alcohol or controlled substances. The tests are used to determine the extent, if any, of controlled substances or alcohol in the blood. Paragraph (c)(3) of the statute states:

> The person tested may have a physician, or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test or tests in addition to any test administered at the direction of the law enforcement officer. The law enforcement officer shall advise such person of this right. The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test or tests shall preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

The warning given to appellant omitted the breath test but offered to assist the appellant in obtaining a *blood* or *urine* test. According to the words used in the statute the officer "shall" advise the accused of his right to have these tests performed by another qualified person. The statute, in more than one place, mentions tests of *blood*, *breath* and *urine* as the authorized tests. Another part of the statute mentions testing of "other bodily substance." Failure to advise an accused of these rights, in the terms of the statute, "shall preclude the admission of evidence relating to the test or tests taken at the direction of the law enforcement officer." The record in this case does not show any

additional information was given to appellant relating to the other tests which the statute provides for.

A very similar type of challenge to a warning document was presented to us in the case of *Spicer* v. *City of Fayetteville*, 284 Ark. 315, 681 S.W.2d 369 (1984). Unfortunately the opinion in *Spicer* only stated the accused was advised of his right to a "subsequent or different test." The warning in *Spicer* apparently was in general terms in that it did not mention the specific test or tests to which the accused was entitled. In the opinion it was stated: "We do not believe the [warning] precluded the appellant from requesting another breathalyzer test and he could have done so but he did not." The implication was that he was adequately notified that he could have any of the tests mentioned in the statute conducted at his own expense. I do not find that this court or the Court of Appeals has squarely decided this issue. Therefore, it is necessary to construe the statute as it relates to the contents of the warning to be given an accused under the circumstances here presented.

The basic rule of statutory construction is to give effect to legislative intent. All other rules of construction are subordinate to this rule. *Hice* v. *State*, 268 Ark. 57, 593 S.W.2d 169 (1980). Another rule of construction is that courts must construe a statute in such a manner, if possible, that all parts of it will be effective. *Town of Wrightsville* v. *Walton*, 255 Ark. 523, 501 S.W.2d 241 (1973). A statute should be construed just as it reads. *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977). The policy and purpose of the statute are matters to be considered in determining legislative intent. *Garrett* v. *Cline*, 257 Ark. 829, 520 S.W.2d 281 (1975); *Logan* v. *State*, 150 Ark. 486, 234 S.W. 493 (1921). In construing a statute the policy and purpose of the statute must be considered as well as the language used, the desired objective, the remedy provided, the legislative history, and any other matter which sheds light on the subject. *Gibbons* v. *Bradley*, 239 Ark. 816, 394 S.W.2d 489 (1965). When construing criminal law, the statute must be strictly construed and nothing will be taken as intended which is not clearly expressed. All doubts will be resolved in favor of the defendant. *Breakfield* v. *State*, 263 Ark. 398, 566 S.W.2d 729 (1978); *Stuart* v. *State*, 222 Ark. 102, 257 S.W.2d 372 (1953).

The State of Georgia has a DWI statute very closely

resembling our own statute in the matter of warning or notifying an accused of his right to other chemical tests. In *Garrett* v. *Department of Public Safety*, 237 Ga. 413, 228 S.E.2d 812 (1976), the Supreme Court of Georgia considered subsection (a)(4) of Ga. Code Ann. § 68A-902.1 which stated: "The arresting officer at the time of the arrest shall advise the person arrested of his rights . . ." The rights spoken of were these: "The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer." The opinion in *Garrett* concluded as follows:

> This cannot be interpreted to mean sometime in the future. One cannot make an intelligent choice to submit to a chemical test without the knowledge of the right to have an independent test made in order to contest the validity of the state's test. The language of the statute makes it clear that a person must be advised of his right to have an additional test administered by a qualified person of his own choosing in addition to the one administered by the arresting officer. As held in *Nelson*, supra, the failure to so inform invalidates the result of any test and also justifies the refusal to submit to a test.

The *Nelson* case referred to in the above opinion is cited as *Nelson* v. *State*, 135 Ga. App. 212, 217 S.E.2d 450 (1975). In *Nelson*, the accused was not advised at the time of his arrest that he had the right to have other tests made by persons of his own choosing. The result of the test administered by the officer was admitted in the lower court. The question presented in *Nelson* was whether the result of the breath test was rendered inadmissible by the failure of the arresting officer to advise the appellant of the right to have other tests administered. At the hearing to suppress the intoximeter test result, the officers testified that the appellant was advised only of his right to have either a blood test or a breath test, "which one he preferred." It was conceded by the state that the appellant was not advised at the time of the arrest that he could have another qualified person of his own choosing administer a chemical test in addition to the intoximeter test administered by the officers. The *Nelson* opinion held that in the absence of the required advice the intoximeter result was inadmissible.

The recent case of *Carswell v. State*, 171 Ga. App. 455, 320 S.E.2d 249 (1984), dealt with the admissibility of blood alcohol tests and the advice about the right to take other chemical tests. The Georgia statute under consideration gave the accused the right to other tests. The statute in pertinent part

> requires that the officer inform him *at the time of arrest* of his right to an independent chemical analysis . . . [or] the results of the state-administered test will not be admissible at trial . . . Not even "substantial compliance with the provision as to additional tests [will] compensate for the total failure to advise the defendant at any time of his right . . ." Admission of the results here, showing a level of alcohol creating a legal presumption of intoxication, was harmful to appellant and, in view of the absence of statutory compliance, was reversible error. [320 S.E.2d 249, 253; emphasis in original.]

Although *Garrett*, *Carswell*, and *Nelson* dealt with failure to advise of the right to additional test or tests, the reasoning is the same here where there was a partial failure. The officers in *Nelson* told the defendant he was entitled to a "blood test or a breath test." However, he was not advised that he could have qualified persons of his own choosing run other tests. In the case before us the officers advised the appellant he was entitled to a "blood or urine test." Both the Arkansas and Georgia statutes provide for testing of blood, breath, urine, or other bodily substances. Arkansas Stat. Ann. § 75-1045 (c)(1) (Supp. 1983). Although appellant was informed of his right to additional tests of his blood or urine, there was a complete failure to inform him of his right to additional testing of his breath or other bodily substance.

I believe it was the intent of the legislature to require law enforcement officers to inform an accused of the right to have a breath, blood, urine or other bodily substance test administered by a qualified person, at the accused's expense, in addition to the test administered by the officer or at his request. The statute states: "The law enforcement officer *shall* advise such person of this right." [My emphasis]. The language is mandatory, and following commonly accepted rules of statutory construction we give the word "shall" its ordinary and accepted meaning. Although there was only a partial failure here, I agree with the Georgia court that even substantial compliance is insufficient to

render the state's test admissible. To allow a 50% compliance in this case might well open the door to a 25% compliance or even a zero compliance later on. Substantial compliance with the rules and regulations promulgated by the Health Department in the administration of blood alcohol tests is sufficient. *St. Paul Insurance Company* v. *Touzin*, 267 Ark. 539, 592 S.W.2d 447 (1980). However, strict compliance with statutory provisions is required. *Breakfield* v. *State*, supra.

It is readily apparent that unless a suspect is allowed to have a second breath test he might be convicted upon the reading of a malfunctioning machine or operator. Too, it is highly probable that some will be convicted because of a mistake in reading a machine. The majority opinion makes any old test given by a good or bad machine or good or bad operator conclusive as to testing the breath. By no stretch of the imagination can I believe that the legislature intended that only one opportunity should be allowed to obtain a truthful and reliable test of the breath when one is accused of DWI. Justice and fair play, along with a common sense reading of the statute, demand that the suspect be advised of his full rights under the statute and such rights include a second opportunity to have a reliable breath test administered. Therefore, I would exclude the test results in this case.

NEWBERN, J., joins.