Joe E. FIEGEL, Jr. *v.* CITY OF CABOT

CA CR 88-238                                        767 S.W.2d 539

Court of Appeals of Arkansas
En Banc
Opinion delivered April 12, 1989

*Russell L. "Jack" Roberts* and *"Buddy" Troxell*, by: *Russell L. "Jack" Roberts*, for appellant.

*Keith G. Rhodes*, Cabot City Attorney, for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was convicted in a non-jury trial of DWI, second offense. The only issue raised in the trial court was whether law enforcement personnel adequately assisted him to obtain additional blood alcohol testing as required by Ark. Code Ann. § 5-65-204(e)(2) (1987). The trial judge, sitting as the finder of fact, found that the City of Cabot acted reasonably under the circumstances and did assist the defendant in his attempts to obtain an additional test. The results of a breathalyzer test were thereafter admitted, and the appellant was found guilty of second offense DWI. From that decision, comes this appeal.

The only argument raised on appeal is that the trial judge erred in finding that the appellee adequately assisted him in obtaining an additional test, and therefore the breathalyzer test results were inadmissible. We affirm.

Arkansas Code Annotated § 5-65-204(e) provides that:

> (e) The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test in addition to any test administered at the direction of a law enforcement officer.

(1) The law enforcement officer shall advise the person of this right.

(2) The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

The test result may be admitted into evidence if there was substantial compliance with the statute, *Hegler* v. *State*, 286 Ark. 215, 691 S.W.2d 129 (1985), and the officer must provide only such assistance as is reasonable at the place and time. *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985). Whether the assistance provided was reasonable under the circumstances is a fact question for the trial judge to decide. *Girdner* v. *State*, 285 Ark. 70, 684 S.W.2d 808 (1985).

The record shows that Robert Higgs, a police officer employed by the City of Cabot, stopped the appellant's vehicle at 3:31 a.m. on July 12, 1987, after he saw the vehicle driven by the appellant cross into the oncoming traffic lane on Locust Street in Cabot. Officer Higgs informed the appellant of his rights with respect to additional testing, and a breathalyzer test was administered. The appellant then requested an additional test. Officer Higgs gave the appellant an opportunity to call a qualified person to come to the police station and draw blood for an additional test, and informed him that, as an alternative, he could have someone pick him up and take him to have a blood alcohol test performed elsewhere if he first posted bond. The appellant requested that Officer Higgs take him to a hospital for testing. Officer Higgs stated that he denied the request. He explained that, although there were normally two officers on duty at that time of night, the police department was temporarily short-handed and he was the only officer on duty: because the nearest facility able to administer an additional test at that time of night was located eight or nine miles away in Jacksonville, the City of Cabot would be without police protection had he transported the appellant for testing as requested. Higgs telephoned the Chief of Police for instructions, and he testified that the chief instructed him not to transport the appellant to the hospital in Jacksonville, and said that the appellant should instead call someone to come and take

him for testing.

The record also shows that the trial court carefully analyzed the circumstances of the case and weighed the defendant's interests against those of the State in deciding that the assistance offered was reasonable. Focusing on the unique situation presented the trial court held that Officer Higgs' actions were reasonable because compliance with the appellant's request would have left the City of Cabot without any police protection for the period of time necessary to transport the appellant to Jacksonville for testing, to accomplish the testing, and then to transport him back to Cabot. The trial court's finding that the level of assistance offered to the appellant was reasonable under the circumstances was amply supported by the evidence, and we hold that the officer's actions constituted substantial compliance with Ark. Code Ann. § 5-65-204(e)(2) (1987).

Affirmed.

CORBIN, C.J., dissents.

DONALD L. CORBIN, Chief Judge, dissenting. I dissent. Arkansas Code Annotated Section 5-65-204(e)(2) (1987) of our Omnibus DWI Act provides in part:

> The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

I fail to see any degree of "reasonable assistance" on the part of the law enforcement officer in the instant case. Although the officer advised appellant of his right to an additional test, the officer's testimony reveals that he did not follow through in assisting appellant to obtain the additional test as required by the above code section. The police officer testified that since he was the only officer on duty he told appellant, "here's the telephone, you call whoever [sic] you want to, to be able to come to the Cabot Police Department and take your blood or to take you to get blood drawn." The officer also testified that he offered to allow appellant to call a "medical technician or doctor or somebody to come and draw blood" at approximately 3:30 a.m.

One does not have to engage in speculation to realize that a substantial period of time would pass before the test could have been administered. This could have caused problems with the results being admissible because of the lack of timeliness. It is my opinion that the officer's refusal to transport appellant only eight miles to a facility to conduct the additional test because it would leave the city without police protection does not comply with his duty "to assist" appellant in obtaining the test. Eight miles is not on the other side of the world. A discussion of this issue in *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985) leaves me with the inescapable conclusion that there was no reasonable assistance provided by the officer in the present case considering the time, place and circumstances. Thus, the test by the officer should have been excluded. Furthermore, proof of blood alcohol content is not necessary for a conviction of driving while intoxicated, *Wilson* v. *State*, 285 Ark. 257, 685 S.W.2d 811 (1985), and a conviction could have been obtained based upon the officer's observation of appellant's impaired reactions, motors skills and judgment. *Oliver* v. *State*, 284 Ark. 413, 682 S.W.2d 745 (1985). I respectfully dissent.