Leonard KAY *v.* STATE of Arkansas

CA CR 93-576                                      877 S.W.2d 957

Court of Appeals of Arkansas
En Banc
Opinion delivered June 15, 1994
[Rehearing denied August 17, 1994.*]

*James Dunham*, for appellant.

*Cooper and Robbins, JJ., would grant rehearing.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Leonard Kay appeals from his conviction at a bench trial of driving while intoxicated, second offense. He contends that the trial court erred in admitting into evidence the results of a breathalyzer test given at the direction of the arresting officer. We affirm.

Prior to his trial, appellant moved to exclude evidence of the breathalyzer test on grounds that the officer had failed to advise appellant of his right to an additional test and to assist him in obtaining such a test as required by Ark. Code Ann. § 5-65-204(e) (Repl. 1993). That section provides:

> The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test in addition to any test administered at the direction of a law enforcement officer.
>
> (1) The law enforcement officer shall advise the person of this right.
>
> (2) The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

Appellant's motion was denied after a hearing, and the results of the breathalyzer test were admitted against appellant at trial.

At the hearing on appellant's motion, Officer Ben Cross of the Russellville Police Department testified that he stopped appellant's vehicle at approximately 7:00 p.m. on February 21, 1992. After administering several field sobriety tests, Officer Cross arrested appellant for DWI and took him to the police department for a breathalyzer test. Officer Cross testified that he read appellant his rights regarding the administration of the test from a standard rights form. The form specifically included appellant's right to have, at his own expense, a physician, qualified technician, registered nurse, or other qualified person of appellant's choice administer a separate blood, breath, or urine test.

It also stated that the Russellville Police Department would assist appellant in obtaining the additional test. Appellant signed the rights form, acknowledging his understanding of the rights, and agreed to take the breathalyzer. The test results showed appellant's blood-alcohol level to be .218 percent.

Appellant then asserted his right to an additional test. Officer Cross testified that he told appellant that St. Mary's Hospital would perform the test for approximately $400.00. The officer testified that St. Mary's was readily accessible and, to the best of his knowledge, the only facility within his jurisdiction available to perform the blood test. Appellant told the officer that he did not have $400.00 in cash, but insisted that he had checks, that he had an account at St. Mary's, and that the hospital would accept his check. Officer Cross told appellant that, as far as he knew, the hospital had a cash-only policy regarding DWI blood tests. Due to appellant's insistence, Officer Cross telephoned the emergency room at St. Mary's, informed hospital personnel that he had appellant in custody, and asked whether appellant's check would be accepted. The officer testified that he was told that the hospital would accept cash only, payable before performance of the test. Officer Cross testified that appellant, who appeared extremely intoxicated, became very argumentative, saying over and over, "I've got checks. I can pay for it." The officer did not recall appellant saying anything about credit cards. Nor did the officer recall appellant asking to be taken to any other facility, mentioning any other type of test (breath or urine), or requesting any other form of assistance. Because appellant did not have the necessary funds, the officer refused to take appellant to St. Mary's.

On cross-examination, Officer Cross admitted that he had heard that St. Mary's was a very expensive hospital. He denied, however, knowing the prices charged for blood tests by other facilities. He also denied that St. Mary's was the only facility to which he would take a person for an additional test, stating that he would take a suspect to see the qualified person the suspect desired to see.

Appellant also testified at the hearing on his motion. He admitted that Officer Cross informed him of his rights by reading the rights form to him. Appellant testified that he asserted his

right to a blood test as his additional test. He testified that he told the officer that he had with him $200.00 in cash, a couple of checks, and credit cards. Appellant stated that Officer Cross told him that he could not have a blood test unless he had $400.00 in cash. Appellant testified that, subsequent to the date of his arrest, he learned of two or three area medical clinics that perform blood-alcohol tests, including the clinic with which appellant's personal physician is associated. Appellant also testified that his doctor's clinic would accept checks and credit cards. Appellant did not know the accepted methods of payment at the other facilities to which he referred. Nor was there any proof as to the cost of a blood alcohol test at any of the clinics. Moreover, appellant admitted that he never mentioned or asked to be taken to any facility other than St. Mary's. Appellant also admitted that he never asked to telephone a friend or relative who might bring him money for the test. Appellant concluded his testimony by stating that what he found unreasonable was Officer Cross's failure to "take[] me to St. Mary's where I could have made arrangements for payment and gotten my test."

The parties stipulated that a phone call was placed to St. Mary's on the day of the hearing (October 19, 1992) and that hospital personnel stated that credit cards would be accepted for DWI blood-alcohol tests. However, the stipulation did not touch on how long that had been hospital policy. Nor did it touch on whether checks would be accepted.

We note that appellant's motion was not one to "suppress" evidence under Ark. R. Crim. P. 16.2. *Scalco* v. *State*, 42 Ark. App. 134, 856 S.W.2d 23 (1993). Nevertheless, when a defendant moves to exclude a test pursuant to § 5-65-204(e)(2), the State bears the burden of proving by a preponderance of the evidence that the defendant was advised of his right to have an additional test performed and that he was assisted in obtaining a test. *See McEntire* v. *State*, 305 Ark. 470, 472, 808 S.W.2d 762, 763-64 (1991). Substantial compliance with the statutory provision about the advice that must be given is all that is required. *Hegler* v. *State*, 286 Ark. 215, 691 S.W.2d 129 (1985). Furthermore, the officer must provide only such assistance in obtaining an additional test as is reasonable under the circumstances presented. *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985). Whether the assistance provided was reasonable under the cir-

cumstances is ordinarily a fact question for the trial court to decide. *Girdner* v. *State*, 285 Ark. 70, 684 S.W.2d 808 (1985); *Fiegel* v. *City of Cabot*, 27 Ark. App. 146, 767 S.W.2d 539 (1989). It is for the trial court to weigh the evidence and resolve the credibility of the witnesses. *Girdner* v. *State, supra.*

■ From our review of the record, we cannot conclude that the trial court erred in denying appellant's motion. According to the testimony of both Officer Cross and appellant, the officer's advice concerning appellant's right to an additional test by the person of his choice literally complied with the statute. And, in light of all of the circumstances in this case, we cannot say that the trial court's finding of reasonable assistance to obtain another test is clearly against the preponderance of the evidence.

Affirmed.

COOPER and ROBBINS, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I cannot agree that the Russellville Police Department provided the appellant with reasonable assistance in obtaining an additional test, as required by Ark. Code Ann. § 5-65-204 (Repl. 1993). That statute provides that, if a breathalyzer test is administered to a DWI suspect by police authorities:

> (e) The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test in addition to any test administered at the direction of a law enforcement officer.
>
> (1) The law enforcement officer shall advise the person of this right.
>
> (2) The refusal or failure of a law enforcement officer to advise such person of this right and *to permit and assist* the person to obtain such test shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

(Emphasis added).

We found that reasonable assistance was rendered in *Hudson* v. *State*, 43 Ark. App. 190, 863 S.W.2d 323 (1993). However,

in that case police officers transported the appellant to a local hospital, where the appellant declined to have a blood specimen taken for a blood alcohol test. In the case at bar, the appellant never had the opportunity to have such a test administered because the police officer refused to take him to St. Mary's hospital after informing him that this was the only facility within his jurisdiction which was available to perform the blood test.

Clearly, the "assistance" offered the appellant focused his efforts to obtain an additional test on one particular facility which, Officer Cross admitted, was known to him to be a "very expensive" hospital. This is certainly borne out by the $400.00 price charged for the test. Perhaps the level of assistance offered would have been reasonable had the police officer transported the appellant to the hospital to allow him to make arrangements with the staff regarding available tests and payment options. However, to focus the appellant's efforts to obtain an additional test on a hospital known to be very expensive which requires payment in cash, and then to refuse to transport him to that facility because he, predictably, does not have sufficient funds on his person, is no assistance whatsoever. I believe that the "assistance" offered the appellant actually had a chilling effect on his right to have an additional test, and that more actual assistance would have been rendered by merely providing the appellant with a telephone and a local directory.

I respectfully dissent.

ROBBINS, J., joins in this dissent.