Amy REYNOLDS *v.* STATE of Arkansas

CA CR 06-403                                                 241 S.W.3d 765

Court of Appeals of Arkansas
Opinion delivered October 25, 2006

*The Blagg Law Firm*, by: *Ralph J. Blagg*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Nicana Corinne Sherman*, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. Appellant Amy Reynolds appeals her conviction for driving while intoxicated asserting that the circuit court erred in denying her motion in limine to exclude the results of her breath test under the provision of Ark. Code Ann. section 5-65-204(e)(1) (Repl. 2005). She argues that the results of the breathalyzer should have been excluded because the statement of rights read to her by the law-enforcement officers did not specifically state that she had the right to have a person of her choice administer an additional test. We find no error and affirm.

Arkansas Code Annotated section 5-65-204(e)(1) provides that:

> (e)(1) The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his or her own choice administer a complete chemical test in addition to any test administered at the direction of a law enforcement officer.

> (2) The law enforcement officer shall advise the person of this right.

> (3) The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

The initial test result may be admitted into evidence if there was substantial compliance with the statute. *Hegler v. State,* 286 Ark. 215, 691 S.W.2d 129 (1985); *see also Daniels v. State,* 84 Ark. App. 263, 139 S.W.3d 140 (2003). When a defendant moves to exclude a test pursuant to § 5-65-204(e)(3), the State bears the burden of proving by a preponderance of the evidence that the defendant was advised of his right to have an additional test performed and that he was assisted in obtaining a test. *McEntire v. State,* 305 Ark. 470, 808 S.W.2d 762 (1991). Substantial compliance with the statutory provision (e)(3) is all that is required. *Kay v. State,* 46 Ark. App. 82, 877 S.W.2d 957 (1994). Whether the assistance provided was reasonable under the circumstances is ordinarily a fact question for the trial court to decide. *Id.*

The challenged provision of the statement of rights read to, and signed by, appellant states:

> If you disagree with the results of this test, you may request another chemical test of your choice and I will assist you in obtaining it.

The additional test may be of either your breath, blood or urine administered by a qualified person such as a doctor, registered nurse, or technician other than a law enforcement officer.

■ Although the notice to appellant by the officers that she had the right to have a subsequent or different test was not as complete as it could have been,[1] we do not find error in allowing the test result to be introduced. *See Spicer v. State*, 284 Ark. 315, 681 S.W.2d 369 (1984) (allowing introduction of breath alcohol test where accused was notified of right to different type of test but notice did not mention person of choice for administration of test). Appellant was notified she could request a test of a different type, but she made no such request. Nothing in our case law requires the officer to structure proposals or options for the arrestee to pursue. We are not here addressing a situation in which an accused requests an opportunity to call her own doctor or other qualified person and have her doctor or other qualified person come to the jail or other place of incarceration and take a sample of blood. While there may have been other courses of action that would have been reasonable for the officer to assist appellant in pursuing had she requested, appellant made no other requests for assistance or proposed other options. Under these circumstances, we do not believe the notice precluded appellant from requesting another breathalyzer test. Nor do we find that the officers could have reasonably assisted her but did not.

Accordingly, we affirm.

GLADWIN and ROBBINS, JJ., agree.

---

[1] The repetition of the prepositional phrase "of your choice" to modify "a qualified person" would have alleviated any possible confusion as to whether appellant had the right to have a person of her choice administer an additional test.