SLIP OPINION

Cite as 2014 Ark. App. 588

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-109

| | |
|---|---|
| CHRISTOPHER DAVID EBEL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 29, 2014<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. CR12-631-2]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>AFFIRMED |

**RITA W. GRUBER, Judge**

Appellant Christopher David Ebel appeals from a conviction for driving while intoxicated, second offense. Appellant's sole point on appeal is that the trial court erred in denying his motion in limine to exclude the results of a breathalyzer test because the arresting officer did not allow appellant to have an additional, independent blood test administered. We affirm appellant's conviction.

Arkansas Code Annotated section 5-65-204(e) (Repl. 2005) provides as follows:

(e)(1) The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his or her own choice administer a complete chemical test in addition to any test administered at the direction of a law enforcement officer.

(2) The law enforcement officer shall advise the person in writing of the right provided in subdivision (e)(1) of this section and that if the person chooses to have an additional chemical test and the person is found not guilty, the arresting law enforcement agency shall reimburse the person for the cost of the additional chemical test.

SLIP OPINION

(3) The refusal or failure of a law enforcement officer to advise a person of the right provided in subdivision (e)(1) of this section and to permit and assist the person to obtain a chemical test under subdivision (e)(1) of this section precludes the admission of evidence relating to a chemical test taken at the direction of a law enforcement officer.

When a defendant moves to exclude a test pursuant to section 5-65-204(e)(2), the State bears the burden of proving by a preponderance of the evidence that the defendant was advised of his right to have an additional test performed and that he was assisted in obtaining a test. *Kay v. State*, 46 Ark. App. 82, 85, 877 S.W.2d 957, 959 (1994). The initial test result may be admitted into evidence if there was substantial compliance with the statute. *Reynolds v. State*, 96 Ark. App. 360, 361, 241 S.W.3d 765, 766 (2006). Furthermore, the officer must provide only such assistance in obtaining an additional test as is reasonable under the circumstances presented. *Kay*, 46 Ark. App. at 85, 877 S.W.2d at 959. Whether the assistance provided was reasonable under the circumstances is ordinarily a fact question for the trial court to decide. *Id*. It is for the trial court to weigh the evidence and resolve the credibility of the witnesses. *Id*. We will not reverse the trial court's ruling on the admission of evidence absent an abuse of discretion and a showing of prejudice. *Graham v. State*, 2012 Ark. App. 90, at 7, 389 S.W.3d 33, 37; *see also Mhoon v. State*, 369 Ark. 134, 136, 251 S.W.3d 244, 246–47 (2007).

We turn to the facts relevant to appellant's motion in limine. Appellant was arrested at approximately 1:30 a.m. on December 2, 2011, when Officer Joe Pruitt of the Benton County Sheriff's Office saw appellant's SUV cross the center line four times and decided to pull him over. Officer Pruitt testified that appellant's eyes were bloodshot and watery, that

he had a bottle of Listerine in his hand and smelled strongly of it, that he fell against the car when he got out, and that he admitted to having drunk "three or four beers." Officer Pruitt also testified that appellant walked slowly and swayed. Finally, Officer Pruitt performed two field-sobriety tests and then took appellant to the county sheriff's office, where a breathalyzer test was administered showing that appellant's blood-alcohol content was .089 percent. The test was administered at 2:09 a.m. Appellant requested a second test, stating that he had the means to pay for the test, and Officer Pruitt transported him to Mercy Hospital in Rogers for a test to be administered for $45. Appellant gave the attendant his debit card, which was declined twice. He asked Officer Pruitt if he could call his parents in Bella Vista to bring money to the hospital; Officer Pruitt denied his request.

Appellant filed a motion in limine to exclude the results of the breathalyzer test pursuant to Ark. Code Ann. § 5-65-204(e) because Officer Pruitt refused to allow him to call his parents to bring money for the second test. After a hearing, the court denied the motion, finding that Officer Pruitt had provided appellant with assistance in obtaining the second test that was reasonable under the circumstances by transporting him to the hospital and finding that the test was not given was because appellant was unable to pay for it.

The statute required Officer Pruitt to advise appellant of his right to obtain a second test—and appellant does not dispute that this occurred—and "to permit and assist" him in obtaining it. The officer need provide only such assistance as is reasonable under the circumstances. *Kay*, 46 Ark. App. at 85, 877 S.W.2d at 959. In this case, appellant requested the second test and told Officer Pruitt that he had the means to pay for the test. Officer Pruitt

took appellant to Mercy Hospital in Rogers, where appellant's debit card was declined. Appellant asked the hospital attendant to run the debit card again, which the attendant did, and it was again declined. It was after 2:00 in the morning, appellant's parents lived in another town, and appellant did not mention needing additional funds for the test until his debit card was declined. Officer Pruitt had no duty to allow appellant to call his parents to bring money. Because we cannot say that the trial court clearly erred in finding that Officer Pruitt's actions constituted reasonable assistance under the circumstances of this case and in determining that Officer Pruitt substantially complied with the statute, we hold that the trial court did not abuse its discretion in denying appellant's motion in limine.

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.