WOLFE *v.* STATE.

Opinion delivered February 12, 1912.

1. APPEAL AND ERROR—MISDEMEANORS—PERFECTING RECORD.—It is not essential to give the Supreme Court jurisdiction in a misdemeanor case that the entire record of the proceedings of the trial court shall be lodged in the office of the clerk within sixty days, but if a transcript is lodged within the required time, and it can be seen from the bill of exceptions that there was a trial and a final judgment rendered, the court will entertain the appeal and permit the transcript to be amended to show the record entry of the final judgment. (Page 299.)

2. CRIMINAL LAW—EFFECT OF CONDITIONAL PLEA OF GUILTY.—A plea of guilty entered upon condition is not authorized by law, and will not support a judgment of conviction. (Page 300.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith,* Judge; reversed.

### STATEMENT BY THE COURT.

A number of indictments were returned by the grand jury of Mississippi County against the appellant, charging him with violations of the liquor law.   These indictments were returned against appellant at the October, 1911, term of the circuit court of Mississippi County for the Osceola District.   Four cases are here on appeal, and they involve the same questions, and are considered and determined at the same time.

The appellant and the prosecuting attorney entered into an agreement in writing which is as follows:

### "MEMORANDUM.

"First:   No loops to be made by either The Whisper or any boat operated by Capt. Jos. E. Wolfe, and by loop is meant leaving a landing, going out into the river for the purpose of making sales and returning to the same landing or to any other landing within one mile of the first.   This is not to prohibit doing the regular business from landing to landing.

"Second:   No person to be carried from landing to landing without payment of regular fare except on passes issued at Memphis.

"Third:   All cases on docket at Osceola and Blytheville for sales of liquor on said Whisper are to be continued for the term, that is for six months.   If this agreement is kept by the said Captain Wolfe, all such cases are to be dismissed at the March term of said courts at cost of defendant.   If this agreement is violated, the defendant shall pay fines and costs to the amount of two thousand dollars, and shall enter pleas of guilty in enough of these cases to aggregate that sum, other cases to be dismissed.   But the defendant may be prosecuted in cases of violation for all future sales after this date.

"Fourth:   The circuit judge shall determine upon a hearing of both parties after  due notice whether or not this agreement has been kept in case complaint is made of the violation thereof.

"Fifth:   No question will be made as to the venue of sales made in the regular course of the boat's trip, and cases will not be brought upon such sales if this agreement is otherwise performed.

"Sixth: This agreement applies to all cases on sales prior to this date, except where fines are already assessed.

"Seventh: No violation of the Sunday laws.

(Signed)                    "T. H. Carraway,

"Jos. E. Wolfe."

At an adjourned term of the circuit court held on the 10th day of November, 1911, at Osceola, complaint was made that this agreement had been violated, and appellant was cited to appear at a hearing to determine whether or not there had been a violation of the agreement.

The testimony of the various witnesses tends to show that whisky was sold on Sunday from appellant's boat, The Whisper, while she was opposite Osceola and out in the river on the Tennesee side about opposite a place called Plum Point. One of the witnesses testified that he kept the landing at Osceola. He "observed The Whisper Sunday three weeks ago; she was at Plum Point. She would go out from the bank and then go back, and go to the bank and back out."

One witness testified that he bought whisky on her on Sunday; that she was a little piece out from the bank.

The testimony shows that the whisky was not sold in Arkansas, but that the sales took place on the Tennessee side of the river.

The court entered up fines against appellant in the four cases aggreagting the sum of $2,000, and entered judgment accordingly. The appellant filed a motion for a new trial, in which, among other things, he set up the following:

"That the testimony of witnesses who have testified before the court at the hearing of this cause was of such a nature as to surprise the defendant and to place him in such a position that he could not have controverted such testimony at said hearing.

"Defendant says that, if granted a new trial in this cause, he will, with the permission of the court, withdraw the pleas of guilty heretofore entered and go to trial upon said indictments, and that, if allowed to do so, he will request that a jury be impaneled, and that he be allowed to enter pleas of not guilty as charged in the indictments to which he has entered pleas of guilty, and he further says that the only conditions upon which he entered said pleas of guilty were that he was willing to enter into said agreement and to keep said agreement faithfully for

the purpose of showing to this court that he had no intent to and would not violate the laws of the State of Arkansas. And defendant further states that, if a new trial is granted in this cause, he can and will produce evidence which will controvert the testimony of said witnesses above referred to."

The court overruled the motion, and the appellant, within sixty days, lodged what purported to be transcripts in the four cases in this court. These transcripts contain what is designated as the bills of exceptions. These bills of exceptions contain the testimony that was taken at the hearing of the issue as to whether or not appellant had violated his agreement. The memorandum above mentioned is also set forth, and the findings of the court. The bills of exception also contain the judgment of the court. But there is no record entry in the transcript showing the judgment of the court. This however has, since the transcript was lodged in this court, and after the expiration of sixty days, been supplied by certiorari.

*The Appellant, pro se.*

1.    None of the sales were made in Arkansas nor in violation of the agreement. 40 Ark. 52.

2.    Courts can only enforce the laws of their own jurisdiction.    94 Ark. 199.

3.    Abuse of discretion in refusing to allow a defendant to withdraw a plea of guilty is reversible error.    12 Cyc. 352; 52 Kan. 566; 45 *Id.* 12.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1.    The appeals should be dismissed.    The final judgments were not lodged here within sixty days.    Kirby's Digest, § § 1188, 2614; 26 Ark. 468; 27 *Id.* 336; 73 *Id.* 8; 35 S. W. 232; 51 *Id.* 959; 37 Mo. 31; 147 U. S. 695; 45 Mass. 421; 45 Fed. 4521; 2 Thompson on Trials, § 2771; 89 Ark. 482.    No judgment can be perfected after the time for perfecting the appeal. Elliott, App. Proc. 128.

2.    It is not the office of a bill of exceptions to show record entries.    Nor can a bill of exceptions supply or contradict the record proper.    72 Ark. 320; 84 *Id.* 343.    A recital in the bill of exceptions that a judgment was rendered is not sufficient. 165 U. S. 168; 137 Ind. 257; 61 Mo. 375; 51 *Id.* 199; 5 Col.

244; 53 Mo. 321, 77 Ala. 519; 16 So. 911; 55 Ill. App. 217; 35 *Id.* 217; 109 *Id.* 539; 26 Miss. 109; 51 Ga. 501; Ell. App. Proc. 282, note 4.

3. The agreement was violated. 94 Ark. 198. While there was no authority for the agreement (94 Ark. 198), nor for acceptance of a conditional plea of guilty, appellant can not complain. Kirby's Digest, § 2296; 54 Ark. 120; 88 *Id.* 290.

WOOD, J., (after stating the facts). 1. Upon the authority of *Gross* v. *State*, 89 Ark. 482, and other recent cases, the Attorney General contends that, inasmuch as the transcript filed with the clerk of this court within the sixty days did not show the record entry of a judgment against the appellant, his appeal was not perfected in time. These cases hold that to give this court jurisdiction on appeal the record must be lodged in the office of the clerk of the Supreme Court within sixty days after the judgment. See also section 2614, Kirby's Digest.

The majority of the court are of the opinion that this statute is complied with when there is a transcript filed within sixty days wherein the bill of exceptions is set out, which shows that a trial was had upon the testimony and a final judgment was rendered although that judgment is not copied as a part of the record. The transcript thus showing is sufficient to give this court jurisdiction, and, although the court will not look to the bill of exceptions to see what the judgment of the court was, as that is not the proper place for it, still the court will, upon filing of such transcript, permit the appellant to bring up by certiorari the record entry of the judgment. This has been done in this case, and we have now embodied, as a part of the record, the final judgment of the court from which the appeal has been prosecuted. In the opinion of the majority of the court it is not essential to give this court jurisdiction that the entire record of the proceedings of the trial court shall be lodged in the office of the clerk of the Supreme Court within the sixty days; but if a transcript is lodged within the sixty days, from which this court can see that there was a trial and a final judgment rendered, by a statement to that effect in the bill of exceptions, then the court will entertain the appeal and allow the transcript of the record to be amended to show the record entry of the final judgment. A recital in the bill of

exceptions to the effect that a judgment was rendered and a copy of-the judgment itself set forth therein is not sufficient evidence of such judgment.  *Gray* v. *Singer,* 137 Ind. 257; *Clark* v, *McDade,* 165 U. S. 168.

But where there is such a statement and such a copy in the bill of exceptions contained in the transcript lodged in this court, the court will entertain the appeal and allow the transcript to be amended so as to embody the record entry of the judgment in the court below.  Of course, if the transcript can not be so amended for the reason that no final judgment has been rendered in the court below, then this court would dismiss the appeal, notwithstanding the statement in the bill of exceptions that there had been a final judgment, and even though a purported copy of such final judgment were contained in the bill of exceptions, for, in the last analysis, the court would have to look to the record proper for the judgment, and not to the bill of exceptions.  *Arkadelphia Lbr. Co.* v. *Asman,* 72 Ark. 320; *Berger* v. *Houghton,* 84 Ark. 343.

2.  Upon the issue as to whether or not the appellant had violated his agreement with the prosecuting attorney, as set forth in the bill of exceptions, the court found "that the defendant heretofore, during this term of court, entered his plea of guilty in this cause, and that the same was continued.for the term in pursuance of an agreement made between the prosecuting attorney and the defendant and his counsel, which agreement was offered in evidence."  The court further found "that said plea of guilty was entered upon the condition that the court's discretion to impose a fine under the defendant's plea should be exercised in the event only that the defendant violated the terms of the said agreement; and upon a consideration of all the evidence offered in this cause the court finds that said agreement was in fact violated by the defendant, and therefore the court should now impose a fine in this case."

It thus appears that the plea of guilty was entered in this case upon condition that the court would impose a fine under the plea only in the event that the defendant violated the terms of the agreement.  In other words, if the appellant complied with the terms of his agreement not to sell liquor in the future as therein specified, then  the court would not impose a fine upon him in the cases in which he had entered pleas of guilty.

The court expressly finds that the plea of guilty was entered upon condition, and the effect of the court's construction of the agreement was that it permitted the court to allow the appellant to enter pleas of guilty upon condition that the punishment which the law imposes for a violation of the statute would not be inflicted on appellant for past offenses provided appellant complied with the law in the future.

Now, the law does not authorize any such agreements as here entered into with the prosecuting attorney, and pleas of guilty can not be accepted on condition that the fines imposed by statute as a result of a violation of the law will be pretermitted provided the offenders do not commit similar offenses in the future. There is no authority in the statute "for a plea of guilty to be entered and received on any kind of condition, or for judgment to be suspended on condition." Joiner v. State, 94 Ark. 198.

Under the law a party is either guilty or not guilty; and when he enters a plea of guilty upon the indictment under a statute which he has violated, the law fixes the punishment, which it is not in the discretion of the court to withhold unless the plea of guilty is withdrawn. Joiner v. State, supra.

While it is within the discretion of the court to permit a plea of guilty to be withdrawn, it is not within the power of the court to withhold the punishment if the plea of guilty is not withdrawn. Kirby's Digest, § 2296.

In the case, since the court finds that the appellant's pleas of guilty were entered upon condition, it results that they were not such plea of guilty as the law authorizes or contemplates, and therefore the court was not justified in inflicting punishment upon such pleas. In the case of Joiner v. State, supra, "the record made by the clerk at the time showed that the pleas of guilty were entered unconditionally." The court should not in any case except a plea of guilty on condition, and can not render judgment upon a plea of guilty that has been entered upon condition. If the court has accepted and has entered on record a plea of guilty on condition, then the only authority which the court has over such a plea is to allow the same to be withdrawn and to allow a proper plea to be entered. The only plea is either guilty or not guilty.

This case differs from the case of *Joiner* v. *State, supra*, in the very fact that in that case the plea was entered unconditionally, whereas in this case, as found by the court, the plea was entered upon certain conditions. The question in *Joiner* v. *State* was as to whether the court could exercise its discretion to allow the appellant to withdraw his plea of guilty which, as appeared from the record, was properly entered, that is, unconditionally. That, under the statute, as we have seen, was within the court's discretion.

Here the question is as to whether or not the court has the discretion to allow a plea of guilty to be entered upon a condition, and thereafter render a judgment against and impose a punishment upon the party entering such plea because he had failed to comply with the conditions upon which the plea was entered. The whole proceeding was without authority of law and void. The court should have granted appellant's motion for a new trial and have allowed him to enter his plea of not guilty, as requested. It was not within the discretion of the court, upon the showing made in this record, to withhold such request.

The judgment is therefore reversed, and the cause is remanded with directions to allow appellant to enter his plea of not guilty and for further proceedings according to law.

McCULLOCH, C. J., and KIRBY, J., dissent.