Frederick PENNINGTON *v.* STATE of Arkansas

697 S.W.2d 85

Supreme Court of Arkansas
Opinion delivered September 16, 1985

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. On December 18, 1984 petitioner, who pleaded guilty in 1978 to first degree murder, first degree battery and four counts of aggravated robbery, filed a petition pursuant to A.R.Cr.P. Rule 26.1 to withdraw the guilty pleas and a petition for writ of habeas corpus which the trial court treated as a petition under A.R.Cr.P. Rule 37. The petitions were denied December 28, 1984 without a hearing on the ground that a motion under Rule 26.1 must be addressed to the trial court before sentencing and a Rule 37 petition which does not raise an issue sufficient to void the judgment must be filed within three years of the date of commitment. Petitioner did not file a notice of appeal until April 5, 1985 and now asks this Court to allow a belated appeal because he was not informed that his petitions had been denied until it was too late to file a timely notice of appeal.

When a petition for postconviction relief is denied, the clerk of the court must promptly mail to the petitioner a copy

of the court's order. Rule 37.3(d); *Scott* v. *State*, 281 Ark. 436, 664 S.W.2d 475 (1984). Since petitioner is entitled to appeal the adverse ruling, in accordance with Rule 37.3(b), this Court will grant a belated appeal in accordance with A.R.Cr.P. Rule 36.9 if the clerk failed to mail the order to the petitioner, but the burden is on the petitioner to establish the clerk's failure to comply with the rule. We need not reach the issue of whether petitioner has met that burden, however, because neither petition filed in the trial court was timely filed.

A motion to withdraw a guilty plea pursuant to Rule 26.1 must be made before sentencing. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985); *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979); *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 454 (1977). As petitioner filed his Rule 26 motion after the sentence was executed, he was not entitled to relief under that rule.

Rule 37.2 (c) provides that a petition claiming postconviction relief must be filed within three (3) years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void. *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied* 452 U.S. 973 (1981). Petitioner pleaded guilty in 1978 but did not seek to vacate the pleas until 1984, which was more than six (6) years after the date of commitment. Appellant alleged no grounds that would render the judgment void in his case. Petitioner's request for a belated appeal is denied.

Motion denied.

PURTLE, J., not participating.