Joe Samuel BROWN *v.* STATE of Arkansas

CR 86-8                                                   718 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered November 10, 1986

*Richard L. Proctor, P.A.*, by: *James R. McCauley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. ■■ On November 10, 1981, the appellant was charged with aggravated robbery and terroristic threatening. On January 7, 1982, he pleaded guilty on the aggravated robbery charge, and on January 21, 1982, he pleaded guilty on the terroristic threatening charge. He was immediately sentenced to serve a term of twenty-five years for the aggravated robbery and five years for the terroristic threatening. He did not appeal. On June 14, 1985, more than three years after his sentencing and commitment, he filed a motion to vacate his pleas of guilty. The trial court reached the correct result in denying that motion. A motion to withdraw a plea of guilty, made pursuant to A.R.Cr.P. Rule 26.1, must be made before sentencing. *Pennington* v. *State*, 286 Ark. 503, 697 S.W.2d 85 (1985). Since the appellant did not file his motion to vacate before sentencing, he was not entitled to any relief under that rule. The trial court could have treated the matter as a Rule 37 petition, regardless of its title, and ruled on the merits of the petition. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984). However, the trial court did not rule on the merits of the petition.

■ At a later date, August 20, 1985, the appellant filed a Rule 37 petition alleging that he was entitled to post-conviction relief. In a letter signed by the trial judge's law clerk, the appellant was later informed, "Your second petition for post-conviction relief under Rule 37 is denied for the same reasons as all previous petitions. . . ." The appellant contends that the purported letter-opinion of the law clerk is invalid. The appellant's argument is valid. A trial judge simply may not delegate his judicial authority to a law clerk. Arkansas Constitution art. 7, § 1; Ark. Stat. Ann. § 22-333.25 (Supp. 1985). The General Assembly has not attempted to give law clerks the power to decide cases. Ark. Stat. Ann. §§ 22-361.1, 22-361.2, and 22-361.3 (Supp. 1985).

Since the trial court has not decided the case, we must remand for further proceedings.

Appeal dismissed and cause remanded.