Mitchell Dewayne JENKINS *v.* STATE of Arkansas

CR 89-217                                      781 S.W.2d 461

Supreme Court of Arkansas
Opinion delivered December 18, 1989
[Rehearing denied February 12, 1990.]

*Daniel D. Becker*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JACK HOLT JR., Chief Justice. The appellant, Mitchell Jenkins, was charged by information with the offense of DWI 4th Offense, and he initially pled not guilty. Prior to trial, Jenkins filed a "motion *in limine* to suppress use of prior [DWI] conviction for lack of proper waiver of counsel." Thereafter, the trial court found that Jenkins had intelligently, knowingly, and voluntarily effected the waiver of counsel.

Later, Jenkins pled guilty to the charge of DWI 4th Offense pursuant to Ark. R. Crim. P. 24.3(b), under the assumption that it allowed him to enter a conditional plea of guilty by preserving his right to seek appellate review of the trial court's denial of his motion to suppress a prior DWI conviction.

Jenkins was sentenced to three years imprisonment in the Arkansas Department of Correction, a $900.00 fine, $302.55 court costs, three year suspension of driving privileges, and inpatient treatment at the Quapaw House.

On appeal, Jenkins asserts that the trial court erred in finding an effective waiver of counsel. We find that the judgment being appealed is not encompassed within Rule 24.3(b). Consequently, this court is without jurisdiction to hear this appeal.

Arkansas R. Crim. P. 36.1 provides, in pertinent part, that "[e]xcept as provided by Rule 24.3(b) there shall be no appeal from a plea of guilty or nolo contendre [contendere]." Rule 24.3(b) provides as follows:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his pleas.

Jenkins's motion *in limine* to suppress the use of a prior conviction as evidence is distinguishable from the suppression of evidence contemplated by Rule 24.3(b). A motion to suppress evidence presupposes that the evidence was illegally obtained. Here, we are simply dealing with the admissibility of evidence, rather than "illegally obtained" evidence. For illustrations of illegally obtained evidence, see Ark. R. Cr. P. Rule 16.2.

In a somewhat analogous case, *State* v. *Russell*, 271 Ark. 817, 611 S.W.2d 518 (1981), we addressed the issue of appellate jurisdiction on an interlocutory appeal by the State from a pretrial order denying the admission of a deposition. In *Russell*, the trial court held that the deposition of the State's witness who died prior to trial was not admissible and the State brought an interlocutory appeal, pursuant to Ark. R. Cr. P. 16.2(d) and 36.10, contending that the deposition was admissible. We held that the order appealed from dealt only with the admissibility of evidence in the form of a deposition and not with the suppression of evidence and that the pretrial order was, as a result, not appealable.

■  In this case, too, we are presented with the admissibility of Jenkins's prior DWI conviction and not with the suppression of evidence as contemplated by Rule 24.3(b).

Appeal dismissed.