Bert G. SCALCO v. STATE of Arkansas

CA CR 92-1081                                   856 S.W.2d 23

Court of Appeals of Arkansas
Division I
Opinion delivered June 16, 1993

*Peel, Dunhour & Hall, P.A.*, by: *James Dunhour*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was arrested and charged with driving while intoxicated. Following his arrest, he was given a breathalyzer test at the direction of the arresting officer. Afterwards, the appellant asserted his rights to an additional test but did not have the $400.00 in cash necessary to obtain the test at the testing facility to which he was taken pursuant to the policy of the City of Russellville Police Department. The appellant filed a motion to suppress the results of the breathalyzer test on the grounds that he received inadequate assistance in obtaining an additional test. After the circuit court denied the motion, the appellant entered a conditional plea of guilty pursuant to Ark. R. Crim. P. 24.3. The circuit court accepted that plea and found the appellant guilty. From that decision, comes this appeal.

For reversal, the appellant argues that the circuit court erred by failing to suppress the results of the breath test given at the direction of the arresting officer. We do not address this argument because we lack jurisdiction to hear the appeal.

Pursuant to Rule 24.3 of the Arkansas Rules of Criminal Procedure, a defendant may, with the approval of the court and the consent of the prosecuting attorney, enter a conditional plea of guilty or nolo contendere while reserving the right to review of an adverse determination of a pretrial motion to suppress evi-

dence. However, in *Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1989), the Supreme Court held that Rule 24.3(b) does not encompass a mere motion to exclude evidence as inadmissible; instead, suppression of evidence as contemplated by Rule 24.3(b) presupposes that the evidence was illegally obtained. The *Jenkins* Court directs us to Ark. R. Crim. P. 16.2 for illustrations of illegally obtained evidence, e.g., evidence which was obtained by means of an unlawful search and seizure, by eavesdropping, through an involuntary confession, or through an in court identification based on an unlawful pretrial confrontation. However, the breath test in the case at bar did not result from an unlawful search, seizure, or arrest. Instead, the appellant sought to have it "suppressed" pursuant to Ark. Code Ann. § 5-65-204(e)(2) (Supp. 1991), which provides that a law enforcement officer's failure to advise and assist a defendant in obtaining an additional test "shall preclude the admission of" the test taken at the officer's direction. Clearly, the statute merely sets out conditions affecting the admissibility of the initial test. The *Jenkins* Court distinguished such questions of admissibility from suppression based on illegality as follows:

> Jenkins' motion *in limine* to suppress the use of a prior conviction as evidence is distinguishable from the suppression of evidence contemplated by Rule 24.3(b). A motion to suppress evidence presupposes that the evidence was illegally obtained. Here, we are simply dealing with the admissibility of evidence, rather than "illegally obtained" evidence.

*Jenkins*, 301 Ark. at 21. Because the question presented in the case at bar is the admission of the results of the breath test and not the suppression of evidence as contemplated by Rule 24.3(b), the pretrial order was not appealable.

Appeal dismissed.

JENNINGS, C.J., and ROGERS, J., agree.