Bert SCALCO *v.* CITY OF RUSSELLVILLE

CR 94-262 883 S.W.2d 813

Supreme Court of Arkansas
Opinion delivered September 26, 1994
[Rehearing denied October 31, 1994.*]

*Brown, J., would grant rehearing.

*Dunham & Ramey, P.A.*, by: *James Dunham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. A policeman stopped appel-

lant's car and asked appellant to take field tests for sobriety. Appellant failed to satisfactorily perform any of the tests, and the policeman took him to the local jail for a breathalyzer test. Appellant was advised in writing that, after the police-administered breathalyzer test was complete, the police department would assist him in obtaining, at his expense, a blood, breath, or urine test from some other qualified person. *See* Ark. Code Ann. § 5-65-204(e) (Repl. 1993). The police-administered breathalyzer test showed a blood alcohol content of .187. Appellant questioned the accuracy of the breathalyzer test and requested a second test, a blood test. The second test was never completed.

The case was initially tried in municipal court where appellant was found guilty. He appealed to circuit court and there filed a motion to suppress the evidence of the breathalyzer test on the ground that the police officer did not afford him a reasonable opportunity to take the second test, as required by Ark. Code Ann. § 5-65-204 (Repl. 1993). The trial court ruled that the officer acted in a reasonable manner and refused to suppress evidence of the test result. Appellant entered a plea of guilty pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure. The prosecuting attorney consented. *See* A.R.Cr.P. Rule 24.3.(b). That rule provides that a defendant may plead guilty, conditionally, and reserve the right to appeal from the judgment of conviction for a review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea. Based on appellant's plea, the trial court, on June 25, 1992, entered a judgment of conviction and sentenced appellant. In the material part, the court's order provides:

> If the defendant prevails on appeal, he shall be allowed to withdraw his plea in accordance with the Arkansas Rules of Criminal Procedure, Rule 24.3.

> Whereupon, the defendant pleaded guilty to the charges of driving while intoxicated first offense and left of center, and the court doth accept said plea, and sentences the defendant [to a fine, suspended jail sentence, driving school and driving while intoxicated school].

Appellant attempted to appeal the trial court's ruling. The court of appeals held that Rule 24.3(b) authorizes an appeal of an illegally obtained evidence, but does not authorize an appeal of an evidentiary ruling when the evidence was not illegally obtained. Since there was no showing the test result was illegally obtained, the court of appeals dismissed the appeal. *Scalco* v. *State*, 42 Ark. App. 134, 856 S.W.2d 23 (1993). The court of appeals dismissed the appeal on June 16, 1993, and the mandate was issued on July 29, 1993. Appellant did not file a petition for rehearing, and the sentence was not stayed. Appellant did not "prevail on appeal." Thus, under the express language of Rule 24.3, he could not withdraw his guilty plea.

About six weeks after the decision became final, *see* Rule 5-3 of the Rules of the Supreme Court, appellant filed a motion to withdraw his guilty plea and asked the trial court to set aside the judgment of conviction and sentence. One week later, on September 27, the trial court allowed appellant to withdraw the guilty plea and ordered the judgment of conviction and the sentence set aside. Appellant was given a new trial, found guilty, and now seeks to appeal the trial court's original ruling refusing to suppress the evidence of the test result. We remand with instructions to the trial court to reinstate both the plea originally accepted and the sentence originally imposed.

 As a general rule, direct appeals from guilty pleas are prohibited. *E.g., Redding* v. *State*, 293 Ark. 411, 413, 738 S.W.2d 410, 411 (1987); A.R.Cr.P. Rule 36.1. A plea of guilty constitutes the accused's trial, *Bryant* v. *State*, 314 Ark. 130, 862 S.W.2d 215 (1993), and there is generally nothing to appeal from that trial. We have said that a plea of guilty was in itself a conviction and an admission of all elements of the charges and constituted a waiver of any defense, other than jurisdiction, which might have been raised at trial. *Cox* v. *State*, 255 Ark. 204, 499 S.W.2d 630 (1973). Because guilty pleas are not appealable, an attempted appeal from a guilty plea must be dismissed for lack of jurisdiction. *Jenkins* v. *State*, 301 Ark. 20, 21-22, 781 S.W.2d 461, 462-3 (1989). Until recently, we did not allow a conditional plea of guilt. *Wolfe* v. *State*, 102 Ark. 295, 144 S.W. 208 (1912). However, we added subsection (b) to Rule 24.3 to allow pleas of guilty conditioned on the reversal of a pretrial determination of a motion to suppress illegally obtained evidence. If the express

terms of Rule 24.3 are not complied with, the appellate court acquires no jurisdiction to hear the appeal of a conditional plea. *Noble* v. *State*, 314 Ark. 240, 241, 862 S.W.2d 234, 234 (1993). Under the express language of the rule, if a defendant makes a conditional guilty plea but, on appeal, does not obtain a favorable determination, there is no further direct appeal. At that time, the conditional plea becomes final and is treated the same as any other plea of guilty. Appellant's conditional plea of guilty was his trial and appeal, and his conviction and sentence are final.

■ Because this matter was not raised by either appellant or the State, the issue in this case then becomes whether the trial court had jurisdiction to allow the plea to be withdrawn and to set aside the conviction after sentence had been imposed when appellant did not obtain a favorable determination from his appeal. Some background information is helpful in determining the issue. In the 1930's, the applicable statute provided that a plea of guilt might be withdrawn "at any time before judgment." Pope's Digest § 3902 (1937). Pursuant to that statute, a trial court might, in its discretion, allow a defendant to withdraw a plea at any time before judgment was entered. *Carson* v. *State*, 198 Ark. 112, 128 S.W.2d 373 (1939). However, trial courts often accepted pleas of guilty and entered judgments of conviction, but suspended pronouncement of sentences. When a plea of guilty was accepted, the judge had the authority to "postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation." Pope's Digest § 4053 (1937). Thus, a judgment of conviction and a sentence might have been entered at different times. In adopting Rule 26 of the Arkansas Rules of Criminal Procedure, we sought to avoid any problem that might arise as a result of the different times for the conviction and sentence and sanctioned a plea withdrawal only "prior to pronouncement of sentence." A.R.Cr.P. Rule 26(a). There are sound public policy reasons for treating a defendant's motion to withdraw a guilty plea differently when the request is made before sentencing rather than afterward. *Zoller* v. *State*, 282 Ark. 380, 669 S.W.2d 434 (1984). We have often said that a guilty plea may be set aside before sentencing. *Malone* v. *State*, 294 Ark. 376, 742 S.W.2d 945 (1988); *Brown* v. *State*, 290 Ark. 289, 718 S.W.2d 937 (1986); *Pennington* v. *State*, 286 Ark. 503,

697 S.W.2d 85 (1985); *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). However, once the guilty plea has been accepted, and the sentencing has taken place, the trial court is without jurisdiction to set aside a plea of guilty, unless there was some kind of stay of the sentence. *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987); *see also Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977).

■ Here, there was no stay of the sentence after decision by the court of appeals became final. The guilty plea and the sentence were conditioned upon appellant obtaining a favorable decision on his appeal of the evidentiary ruling, and he did not obtain a favorable ruling. After the court of appeals' decision became final, the trial court was without jurisdiction to allow the plea to be withdrawn. As a result, the trial court's order vacating the original sentence was void. *See Redding*, 293 Ark. at 413, 738 S.W.2d at 411. Accordingly, we remand this case to the trial court with directions to reinstate the guilty plea originally accepted and the sentence originally imposed.

Remanded with directions.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I would affirm the DWI judgment of conviction entered on November 30, 1993, because the assistance afforded Bert Scalco by Officer Jeff Myers in obtaining the blood test was entirely reasonable. *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985).

The majority, though, decides this case on a procedural ground that was not briefed by the parties. The procedural facts are these. Scalco sought to appeal a denial of his motion to suppress a blood/alcohol breathalyzer test. He entered a conditional plea of guilty with the proviso that if he prevailed on appeal, his plea would be withdrawn. The Court of Appeals declined the appeal on the basis that the denial of the motion to suppress was not an appealable order and, thus, the appellate court lacked jurisdiction. The mandate then came down dismissing the appeal.[1] Scalco moved to withdraw his guilty plea, and the court granted the motion. The court also ordered the judgment of conviction and

---

[1]The mandate actually speaks in terms of dismissing the circuit court *decree*.

the guilty plea to be set aside. A trial transpired, and Scalco was convicted.

The majority concludes that the circuit court lost jurisdiction after the Court of Appeals held the suppression order was not final, and the mandate was issued. The cases cited for this conclusion are *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987) and *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977). Those cases, however, stand for the proposition that a trial court does not lose jurisdiction of the matter until a valid sentence has been put into execution:

> The court, at any time before pronouncing sentence, may allow a defendant to withdraw his plea if it is fair and just to do so. However, a defendant has no right to withdraw a plea after it has been accepted by the court unless it is necessary to correct a manifest injustice. See A.R.Cr.P. Rule 26.1. A sentence is placed into execution when the court issues a commitment order unless the trial court grants appellate bond or specifically delays execution of sentence upon other valid grounds. Once a valid sentence has been put into execution, the trial court is without jurisdiction to modify, amend or revise it. *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977). After the sentence is put into execution the power to change the sentence passes from the trial court to the executive branch of government. *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984).

*Redding*, 293 Ark. at 413, 738 S.W.2d at 411.

The majority would have it that a mandate and no stay of the mandate equate to putting the sentence into execution. But that clearly did not happen here. The trial court did not put the sentence into execution but allowed the withdrawal of the guilty plea and commenced to try the case. This a trial court can do under the Rules of Criminal Procedure which permit withdrawals of guilty pleas to correct a manifest injustice "after the entry of judgment upon the plea." Ark. R. Crim. P. 26.1(b). The trial court then set aside its previous judgment of conviction and the guilty plea, as Rule 26.1(b) requires.

The first fallacy in the majority opinion is the confusion between withdrawal of a plea *after sentencing* which is permissible under appropriate circumstances and withdrawal of a plea

*after the sentence has been placed into execution* and the trial court has lost jurisdiction. The authority cited by the majority speaks to the second circumstance, not the first, and, therefore, is inapposite to the case before us.

The second fallacy in the opinion is the conclusion that Scalco could not withdraw his plea because he did not prevail on appeal under Ark. R. Crim. P. 24.3(b). However, neither side prevailed in that appeal because the Court of Appeals refused to hear it. *See Scalco* v. *State*, 42 Ark. App. 134, 856 S.W.2d 23 (1993). Moreover, the Court of Appeals held that Rule 24.3(b) providing for conditional pleas did not apply in this case because the suppression urged by Scalco did not involve illegally seized evidence as contemplated by the Rule.

The Court of Appeals dismissed the appeal for lack of a final order. The matter went back for trial, after withdrawal of the guilty plea, and the trial and conviction followed. I see no reason to divest the trial court of jurisdiction to do exactly what it did in this case.

I would reach the merits and affirm.