# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–438

| | |
|---|---|
| NICKOLLAS LOGAN FARRELL ROE<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered**  December 2, 2015<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR–2014-19-I]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br><br>AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Nickollas Logan Farrell Roe appeals from his conditional plea of guilty to negligent homicide, leaving the scene of an accident involving personal injury or death, and driving while intoxicated (DWI), first offense. On appeal, Roe argues that the circuit court erred in denying his motion to suppress the evidence of his blood-alcohol test results. We affirm.

At the suppression hearing, Hot Springs Police Officer Brian Caldwell testified that he took Roe into custody on the night of August 20, 2013, after Roe had driven his truck into a house, killing an occupant of the home. Roe initially left the scene but later returned and admitted that he had been driving the truck. Caldwell transported Roe to St. Vincent's Hospital, where they met Officer Shawn Stillian. Stillian read both the *Miranda* "Statement of Rights" form and the "Arkansas Statement of Rights—DWI, Refusal to Submit, or DUI" form to Roe. Roe signed both forms and agreed to submit to the blood-alcohol test. Ashley

SLIP OPINION

Cook, the medical lab technician at the hospital, testified that she complied with the hospital's rules and regulations in drawing Roe's blood. She used a Department of Health blood-draw kit provided by Stillian, who witnessed Cook perform the test on Roe. Cook also testified that there was a physician on call at the time of Roe's blood draw. The blood sample was tested at the state crime lab and was found to contain a blood-alcohol concentration of .13.

Roe was subsequently charged with negligent homicide, leaving the scene of an accident involving personal injury or death, and DWI, first offense. He filed a motion to suppress the results of his blood-alcohol test, claiming that the blood sample was taken without a search warrant and that the search and seizure of his blood were in violation of the Fourth Amendment of the United States Constitution and Article 2, section 15 of the Arkansas Constitution. Roe also argued that the sample was taken in violation of the rules promulgated by the Arkansas Health Department; that the sample was taken in violation of Arkansas Rule of Criminal Procedure 12.3 (2013); that he was not properly advised of his implied-consent rights and did not make a voluntary, knowing, and intelligent waiver of those rights; and that the implied-consent rights form was unconstitutional.

After the suppression hearing, the circuit court denied Roe's motion, finding that Roe gave valid consent to having his blood drawn and that no search warrant was required. The court further found that the blood sample was obtained pursuant to Arkansas Code Annotated section 5-65-208 (Supp. 2013), which requires a blood sample in all accidents resulting in death or the possibility of death, and that this statute does not require a reading of rights under the implied-consent law. Even if Roe was required to be read his implied-consent rights, the

court stated that he was informed of these rights and that there was substantial compliance with the implied-consent law. In addition, the circuit court found that there was substantial compliance with the Department of Health's regulations in drawing Roe's blood.

Roe entered a conditional plea of guilty to the charges against him, reserving the right to appeal the denial of his motion to suppress pursuant to Arkansas Rule of Criminal Procedure 24.3(b) (2013). He was sentenced by a jury and received seventeen years' imprisonment and a $15,000 fine for the negligent-homicide conviction, one year for leaving the scene of an accident involving death or personal injury, and one year and a $500 fine for the DWI, first offense conviction. The first two sentences were ordered to be run consecutively, while the sentence for the DWI conviction was to be served concurrently. Roe filed a timely notice of appeal from the sentencing order, which was entered on November 20, 2014.

On appeal, Roe has abandoned the majority of the arguments he raised in his motion to suppress; instead, his sole contention is that the circuit court erred in denying his suppression motion because his blood was drawn in violation of Arkansas Rule of Criminal Procedure 12.3. When reviewing a trial court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Smith v. State*, 2014 Ark. App. 289. We defer to the trial court's superior position in determining the credibility of the witnesses and resolving any conflicts in the testimony. *Id.*

Rule 12.3 provides as follows:



(a) Search of an accused's blood stream, body cavities, and subcutaneous tissues conducted incidental to an arrest may be made only:
(i) if there is a strong probability that it will disclose things subject to seizure and related to the offense for which the individual was arrested; and
(ii) if it reasonably appears that the delay consequent upon procurement of a search warrant would probably result in the disappearance or destruction of the objects of the search; and
(iii) if it reasonably appears that the search is otherwise reasonable under the circumstances of the case, including the seriousness of the offense and the nature of the invasion of the individual's person.
(b) Any search pursuant to this rule shall be conducted by a physician or a licensed nurse.

Roe argues that pursuant to Rule 12.3(b), any search of a person's blood must be conducted by a physician or a licensed nurse. Roe asserts that the evidence was undisputed in this case that Cook, the lab technician who drew his blood, was not a physician or a licensed nurse, nor was a physician or licensed nurse present while Cook performed the test. Roe recognizes that Arkansas Code Annotated section 5-65-204(c)(1) (Supp. 2013), which pertains specifically to DWIs, states that "[w]hen a person submits to a blood test at the request of a law enforcement officer under a provision of this section, blood may be drawn by a physician or a person acting under the direction and supervision of a physician." Roe also recognizes that in interpreting this statutory requirement, our supreme court has held that the statute was satisfied where the sample was taken by a registered nurse while a physician was on call. *Gavin v. State*, 309 Ark. 158, 827 S.W.2d 161 (1992). However, Roe contends that there is a contradiction between Rule 12.3 and section 5-65-204(c)(1) and argues that, when such a conflict arises, the court rule is controlling. *See, e.g.*, *Hickson v. State*, 316 Ark. 783, 875 S.W.2d 492 (1994). Thus, he argues that because an individual who was not a physician or a licensed nurse drew his blood, Rule 12.3 was violated and the circuit court

SLIP OPINION

erred in not granting his motion to suppress.

The State responds by asserting that there is no conflict between Rule 12.3(b) and section 5-65-204(c)(1) under the facts of this case because Rule 12.3(b) does not apply to blood tests obtained by consent. We agree. Rule 12.3 is contained in the section of our rules of procedure that pertains to warrantless searches and seizures performed incidental to arrest. In *Metzner v. State*, 2015 Ark. 222, 452 S.W.3d 650, our supreme court stated that the collection and testing of a person's blood constitutes a search under the Fourth Amendment to the United States Constitution, and thus, either a warrant must be obtained or an exception to the warrant requirement must apply. The court noted that Arkansas's implied-consent laws, which are contained in Arkansas Code Annotated sections 5-65-201 et seq., are based on the well-established consent exception to the Fourth Amendment's warrant requirement. *Id.* Therefore, where an appellant has consented to a blood-alcohol test, such as Roe did in the present case, the requirements in Rule 12.3 are inapplicable, and there is no conflict between the rule and the statute. *See also Mhoon v. State*, 369 Ark. 134, 251 S.W.3d 244 (2007) (holding that where the appellant consented to a breathalyzer test under the implied-consent statute, Ark. R. Crim. P. 16.2, which governs motions to suppress, did not apply and further noting that the court had found no conflict between Ark. Code Ann. § 5-65-204 and our court rules).

While Roe states in his brief that his blood was obtained in violation of both section 5-65-204 and Rule 12.3, he does not explain further how he believes that his test violated the statute. Furthermore, to the extent that Roe is arguing on appeal that his blood test was not

5

performed in compliance with section 5–65–204(c)(1), such an argument is not cognizable in an appeal from a conditional guilty plea pursuant to Rule 24.3(b).  We have held that the implied–consent statute merely sets forth the conditions affecting the *admissibility* of the test, as distinguished from suppression based on illegality as contemplated under Rule 24.3(b). *Jenkins v. State*, 301 Ark. 20, 781 S.W.2d 461 (1989); *Scalco v. State*, 42 Ark. App. 134, 856 S.W.2d 23 (1993).  Because Roe's blood–alcohol test was obtained by consent and was not illegal, the circuit court did not err in denying his motion to suppress.  Accordingly, we affirm.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*Mark S. Fraiser*, Chief Public Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

SLIP OPINION