

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–627

| | | |
|---|---|---|
| MACK HINSON | | **Opinion Delivered** March 9, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT, |
| | | SEVENTH DIVISION |
| STATE OF ARKANSAS | | [NO. 60CR–2013–2173] |
| | APPELLEE | |
| | | HONORABLE BARRY SIMS, JUDGE |
| | | AFFIRMED |

## CLIFF HOOFMAN, Judge

Mack Hinson appeals after he was convicted of negligent homicide by a Pulaski County jury and sentenced to serve 180 months' imprisonment. On appeal, appellant's sole contention is that the trial court erred in denying his motion to suppress the results of a blood-alcohol test because of a warrantless blood draw. We affirm.

Hinson was charged by felony information with negligent homicide. It is undisputed that he was involved in a three-vehicle accident that resulted in one fatality. His 2012 Toyota Prius came into contact with a Dodge 2500 Ram, driven by Chad Mitchell, as they were traveling in the same direction with appellant's vehicle in the outside lane of the road. Appellant disputed at trial the allegation that he drove into Mitchell's lane and hit Mitchell's vehicle first, thereby causing the accident. After the two vehicles came into contact with one another, Mitchell's vehicle crossed into the center lane and directly hit Narjis Meti's Mazda in a head-on collision, resulting in Meti's death. Although appellant initially left the scene in

his vehicle, he later parked his vehicle in a nearby lot, approximately a thousand feet away, and walked back to the scene of the accident approximately thirty minutes after it had occurred. Appellant gave a blood sample at the scene after he spoke with Officer Ralph Breshears, who was at the scene to investigate the fatal accident.

On November 13, 2013, appellant filed a motion to suppress evidence, alleging that the blood sample and the results of the blood–alcohol test should be suppressed. The State filed a response, arguing that appellant consented to give a blood sample and that the test was ordered in accordance with Arkansas Code Annotated section 5-65-208 (Supp. 2015). A hearing was held on June 5, 2014.

At the hearing, Officer Breshears testified that the accident occurred at approximately 7:00 p.m. on October 21, 2012, near the intersection of Cantrell Road and Sam Peck Road in Little Rock, Arkansas. After appellant had approached him on the scene and informed him that he was involved in the accident, Officer Breshears told him that Meti had been killed as a result of the accident. Officer Breshears further explained that state law requires that he collect a blood sample from everyone involved in the accident. At that point, appellant said, "Yes, whatever I can do to help." A blood sample was collected at the scene by a paramedic, Richard Dearing. Officer Breshears testified that he had the blood sample taken at the scene because he felt that it would be inconvenient for him to place appellant in a police car and then transport appellant to the hospital. Additionally, Officer Breshears's partner had already left the scene to secure a blood sample from Mitchell, who had already been transported to the hospital after sustaining injuries as a result of the accident. He further indicated that he

2

felt that it was important to collect the blood samples because section 5-65-208 required him to do so within four hours. Although he subsequently testified that section 5-65-208 did not specifically require a test to be conducted within four hours, he stated that he tried to collect a sample within four hours because of the time it takes someone to metabolize any alcohol in his or her system.

On cross-examination, Officer Breshears admitted that appellant did not appear to be intoxicated at the scene of the accident. Additionally, he admitted that he did not obtain a search warrant to collect a blood sample, that he did not advise appellant that he had a right to refuse a blood test, and that he did not advise appellant that he had a right to additional testing pursuant to Arkansas Code Annotated section 5-65-204 (Supp. 2015).

Dearing testified at the hearing that he was a paramedic and that he collected appellant's blood sample at the accident scene. He explained that appellant did not refuse the blood draw but instead consented to the test. Appellant testified that he did not refuse to give a blood sample because he did not feel that he had any right to do so, as he felt the test was mandatory. Appellant further indicated that Officer Breshears did not explain that he had any right to refuse a blood test or that he had any right to additional testing.

Appellant's counsel orally argued at the hearing that the results of the blood test should have been excluded because section 5-65-204(d) requires law enforcement to advise a defendant of the right to additional testing. Additionally, he argued that law enforcement violated his Fourth Amendment right in collecting appellant's blood without a warrant. He argued that appellant's consent was not voluntary and that exigent circumstances did not exist.

SLIP OPINION

The trial court specifically found that there were exigent circumstances in this case because section 5-65-208 requires that the sample be taken "as soon as practical," which would be before the alcohol metabolized. The trial court further ruled that law enforcement complied with section 5-65-208 and that law enforcement was not required to read any rights to appellant. Thus, the trial court denied the motion to suppress.

Appellant filed a motion to reconsider the denial of his motion to suppress on August 25, 2014. He cited to several cases from other jurisdictions in support of his contention that the blood sample should be suppressed. Additionally, he argued that the officer failed to comply with Arkansas Rule of Criminal Procedure 12.3(b) (2015) because a paramedic drew appellant's blood instead of a physician or a licensed nurse.

A hearing on his motion for reconsideration was held on November 13, 2014. Appellant's counsel argued that appellant's consent was invalid because he did not have the right to refuse or withdraw his consent under section 5-65-208. Additionally, he argued that the results should have been suppressed because law enforcement failed to comply with Arkansas Rule of Criminal Procedure 12.3 by having a doctor or nurse collect the blood sample. The trial court summarily denied appellant's motion.

Immediately preceding the jury trial on December 9, 2014, appellant renewed his previous motion to suppress, which the trial court immediately denied. Counsel further argued that Rule 12.3 had not been followed, and the trial court reiterated that his motion was denied. Finally, he argued that section 5-65-208 should be ruled unconstitutional because it mandated a blood draw without a search warrant, but the trial court, again, orally denied

SLIP OPINION

all of his arguments. After a jury trial, appellant was convicted of negligent homicide and sentenced to serve 180 months' imprisonment. This timely appeal followed.

On appeal, appellant has abandoned the majority of the arguments he raised before the trial court, including his arguments that law enforcement failed to comply with Rule 12.3 and section 6-65-204(d) and that section 5-65-208 is unconstitutional. Additionally, appellant does not contest the sufficiency of the evidence. We do not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Menne v. State*, 2012 Ark. 37, 386 S.W.3d 451. Moreover, this court has been resolute in stating that we will not make a party's argument for that party or raise an issue sua sponte unless it involves the trial court's jurisdiction. *Id*.

Appellant's sole contention on appeal is that the trial court erred in denying his motion to suppress the results of a blood-alcohol test because of a warrantless blood draw. He argues that exigent circumstances did not exist and that he "did not knowingly and voluntarily consent to the warrantless blood draw, but merely acquiesced to Officer Breshears's fraudulent claim of lawful authority." We disagree.

In reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Pickering v. State*, 2012 Ark. 280, 412 S.W.3d 143. A finding is clearly erroneous, even if there is evidence to

SLIP OPINION

support it, when the appellate court, after review of the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* We defer to the superiority of the circuit judge to evaluate the credibility of witnesses who testify at a suppression hearing. *Id.*

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The United States Supreme Court has held that the compulsory administration of a blood test is subject to the constraints of the Fourth Amendment. *See Schmerber v. California*, 384 U.S. 757 (1966). Thus, either a warrant must be obtained or an exception to the warrant requirement must apply. *Metzner v. State*, 2015 Ark. 222, 462 S.W.3d 650. Exigency and consent are two well-recognized exceptions to the warrant requirement. *Metzner*, *supra*; *Roe v. State*, 2015 Ark. App. 693.

In this case, the trial court did not err in denying appellant's motion to suppress because appellant consented to providing a blood sample. Appellant argues that his consent was not freely and voluntarily given because appellant was not advised of his right to refuse consent and that he did not feel free to leave until he gave a blood sample. However, Arkansas Code Annotated section 5-65-208 does not require law enforcement to advise appellant of his right to refuse consent because the test is mandatory under the statute, and appellant does not argue that the statute is unconstitutional on appeal. Section 5-65-208 specifically provides that

> (a) When the driver of a motor vehicle or operator of a motorboat on the waters of this state is involved in an accident resulting in loss of human life or when there is

reason to believe death may result, a chemical test of the driver's or operator's blood, breath, saliva, or urine shall be administered to the driver or operator, even if he or she is fatally injured, to determine the presence of and percentage of alcohol concentration or the presence of a controlled substance, or both, in the driver's or operator's body.

(b)(1) A chemical test under this section shall be ordered as soon as practicable by one (1) of the following persons or agencies:

      (A) The law enforcement agency investigating the accident;

      (B) The physician in attendance; or

      (C) Other person designated by state law.

. . . .

(c) The result of a chemical test required by this section shall be reported to the department and may be used by state and local officials for:

. . . .

(2) Any law enforcement purpose, including prosecution for the violation of any law.[1]

Thus, Officer Breshears complied with section 5-65-208 in requesting appellant to provide a blood sample during his investigation of the fatal accident, and the trial court did not err in denying appellant's motion to suppress after appellant consented to provide the sample. As such, we affirm.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*The Cannon Law Firm, P.L.C.*, by: *David R. Cannon*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.

---

[1] Although we note that section 5-65-208 has been amended since the date of the accident, the amended language is irrelevant to the issues discussed in this appeal.